# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

BRIAN ADRIAN MILLNER,

          Plaintiff,

    v.

FRANK BISIGNANO,
Commissioner of Social Security,[1]

          Defendant.

_____/

Case No. 1:24-cv-00495-JLT-SKO

FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE GRANTED, THE FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY BE REVSERSED, AND THE ACTION BE REMANDED TO THE COMMISSIONER FOR FURTHER PROCEEDINGS

(Doc. 13)

14-DAY DEADLINE

## I.    INTRODUCTION

On April 26, 2024, Plaintiff Brian Adrian Millner ("Plaintiff") filed a complaint seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his applications for disability insurance benefits (DIB) and Supplemental Security Income (SSI) under the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable

---

[1] On May 6, 2025, Frank Bisignano was appointed the Commissioner of the Social Security Administration. *See* https://www.ssa.gov/news/press/releases/2025/#2025-05-07. He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

Sheila K. Oberto, United States Magistrate Judge.[2]

For the reasons set forth below, the undersigned recommends that Plaintiff's motion for summary judgment be granted, that the final judgment of the Commissioner be reversed, and that the action be remanded to the Commissioner for further proceedings.

## II.   BACKGROUND

Plaintiff protectively filed claims for DIB and SSI payments on September 2, 2021, and December 1, 2021, respectively.  (Administrative Record ("AR") 17, 62, 72, 84, 95.)  In both applications, Plaintiff alleges he became disabled on August 17, 2021, due to paranoid personality disorder and schizophrenia.  (AR 17, 62, 72, 84, 95.)

Plaintiff was born in 1957 and was 64 years old on the alleged disability onset date.  (AR 24, 61, 71, 83, 94.)  He has at least a high school education and previously worked as a chef.  (AR 24, 38, 53, 247.)

### A.   Administrative Proceedings

The Commissioner denied Plaintiff's application for benefits initially on March 25, 2022, and again upon reconsideration on June 23, 2022.  (AR 17, 112–17, 119–25.)  Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (AR 147–81.)  The ALJ conducted a hearing on February 21, 2023.  (AR 30–60.)  Plaintiff appeared by telephone at the hearing with his attorney and testified.  (AR 36–52.)  A vocational expert also testified at the hearing.  (AR 53–57.)

### B.   The ALJ's Decision

In a decision dated April 14, 2023, the ALJ found that Plaintiff was not disabled, as defined by the Act.  (AR 17–25.)  The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. §§ 404.1520 and 416.920.  (AR 19–25.)  The ALJ decided that Plaintiff met the insured status requirements of the Act through September 30, 2023, and he had not engaged in substantial gainful activity since August 17, 2021, the alleged onset date (step one).  (AR 20.)  At step two, the ALJ found Plaintiff's schizoaffective disorder to be severe.  (AR 20.)  Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20

---

[2] The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On April 13, 2026, this case was reassigned to the undersigned.  (*See* Doc. 19.)

C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three).  (AR 20–22.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[3] and applied the assessment at steps four and five.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps.").  The ALJ determined that Plaintiff had the RFC:

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] can understand, remember, and carry out simple tasks; can make simple work-related decisions; can have occasional work-related interactions with co-workers, supervisors, and the general public; and can have occasional changes in the work setting.

(AR 22–23.)  Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  (AR 22.)

The ALJ determined that Plaintiff could not perform his past relevant work (step four) but that, given his RFC, he could perform a significant number of jobs in the national economy, specifically janitor, dishwasher, and hand packager (step five).  (AR 24–25.)  The ALJ concluded Plaintiff was not disabled from August 27, 2021, through the date of the decision.  (AR 32.)

Plaintiff sought review of this decision before the Appeals Council, which denied review on March 8, 2024.  (AR 1–6.)  Therefore, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. §§ 404.981, 416.1481.

### III.    LEGAL STANDARD

#### A.    Applicable Law

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or

---

[3] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule.  TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996).  The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments.  *Id*.  "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'"  *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 883 (9th Cir. 2006).

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they] are not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.      Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV.    DISCUSSION

Plaintiff asserts two claims of error: 1) that the RFC was not supported by substantial evidence because the ALJ independently interpreted medical records without the aid of a medical expert rather than further developing the record; and 2) that the ALJ failed to offer clear and convincing reasons for rejecting Plaintiff's subjective symptom complaints.  The undersigned agrees that the ALJ's RFC determination lacks the support of substantial evidence and on that basis will recommend that the decision be reversed and the action be remanded for further proceedings.

### A.    The ALJ's RFC Determination is Not Supported by Substantial Evidence

An RFC is the most a claimant can do despite their limitations and is based upon all relevant evidence in the record, including medical records, medical source statements, and symptom testimony. 20 C.F.R. §§ 404.1545(a)(1)–(3), 416.945(a)(1)–(3); *Shafer v. Barnhart*, 120 F. Appx. 688, 698 (9th Cir. 2005). It is the ALJ's responsibility to make the RFC assessment and to translate the medical evidence into the RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c); *Rounds v. Comm'r SSA*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC.").  Indeed, the ALJ's RFC determination need not mirror any particular provider's opinion. *See e.g.*, *Petrini v. Berryhill*, 705 F. App'x. 511, 512 (9th Cir. 2017).

In this case, the State agency medical consultants found that there was "insufficient evidence to assess [Plaintiff's] capacity for work-related tasks." (AR 23, 68, 78, 90, 101.)  The ALJ considered these statements but found they were "unpersuasive" because they were "not consistent with the current record, as a whole, given later-received evidence available at the hearing level establishing medically determinable/severe mental impairment and associated limitations that are not work-preclusive given generally normal memory, concentration, behavior, and mood, and hallucinations controlled with medication."[4] (AR 23 (citing AR 493, 497, 505, 515, 523, 540, 615, 656).)

At the hearing, Plaintiff's attorney requested a consultative examination to "give a full vocational measure of his condition." (AR 35; *see also* AR 298.)  The ALJ denied the request. (AR 17.)  No such evaluation or examination was ever conducted, and there was no other opinion evidence

---

[4] Under the regulations regarding the evaluation of medical evidence, the ALJ must evaluate the "persuasiveness" of a medical opinion by considering the following factors: supportability, consistency, treatment relationship, specialization, and "other factors."  20 C.F.R. § 416.920c(a), (b), (c)(1)–(5).

of Plaintiff's functioning in the record.[5]  Thus, the ALJ's RFC determination concerning the severity of Plaintiff's schizoaffective disorder and its resulting functional limitations appears to have been based solely on their review of the medical evidence and Plaintiff' subjective complaints, which is improper.  The ALJ was not qualified to translate the evidence into functional limitations and engage in their "own exploration and assessment" of Plaintiff's impairments.  *See McAnally v. Berryhill*, Case No.: 3:18-cv-02272-GPC-RNB, 2020 WL 1443734, at *7 (S.D. Cal. Mar. 25, 2020) (quoting *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975)).

The Commissioner is correct that "ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work."  (Doc. 16 at 10–11 (quoting *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022)).  However, an ALJ is not permitted to render their own medical opinions or independently assess clinical findings.  *Tackett*, 180 F.3d at 1102–03 ("It is well-settled that an ALJ may not render [their] own medical opinion and is not empowered to independently assess clinical findings."); *Miller v. Astrue*, 695 F.Supp.2d 1042, 1048 (C.D. Cal. 2010) (concluding that an ALJ may not act as their own medical expert); *Banks v. Barnhart*, 434 F.Supp.2d 800, 805 (C.D. Cal. 2006) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("[the ALJ] must not succumb to the temptation to play doctor and make [their] own independent medical findings.")).  Ninth Circuit courts have found that "barring a few exceptions, an ALJ must have a doctor's opinion of a claimant's functional capacity in order for there to be substantial evidence supporting the decisions." *Bradford v. Comm'r of Soc. Sec. Admin.*, No. CV-21-00232-TUC-SHR (JR), 2022 WL 4538569, at *5 (D. Ariz. Aug. 18, 2022); (quoting *Howell v. Kijakazi*, No. 20-CV-2517-BLM, 2022 WL 2759090, at *7 (S.D. Cal. July 14, 2022)); *Walker v. Comm'r of Soc. Sec.*, Case No. 2:22-cv-01871-EJY, 2024 WL 64784, at *6 (D. Nev. Jan. 4, 2024) ("While the ALJ 'can pick and choose between opinions expressed by the experts,' when an ALJ decides severity or residual functional capacity 'without the support of any of the medical opinion evidence,' this is error.")

---

[5] The Commissioner blames Plaintiff's "failure to cooperate with agency requests for information" for the lack of a consultative examination.  (Doc. 16 at 8.)  But, as Plaintiff points out, the Commissioner cites no authority for the proposition that a claimant's failure to submit an adult function report, for example, results in the denial of a consultative examination.  The undersigned declines to fault Plaintiff for failing to submit certain information about his functioning to the SSA (particularly considering his limitation in "concentration, persisting, or maintain pace" (AR 21)).

7

(quoting *Holtan v. Kijakazi*, 2:22-cv-01222-VCF, 2023 WL 2424648, at *3 (D. Nev. Mar. 9, 2023)). When there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence, the ALJ has a duty to develop the record irrespective of whether the claimant is represented by counsel. *Ford*, 950 F.3d at 1156 (quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

The absence of a medical opinion is not necessarily fatal, but the RFC determination still must be supported by substantial evidence. *Tackett*, 180 F.3d at 1102–03. This Court is mindful that the ALJ, not this Court, is responsible for resolving conflicts in the evidence and that "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes*, 276 F.3d at 459–60. Further, an ALJ is not automatically obliged to order an independent evaluation/examination upon the request of Plaintiff's attorney. *See Pederson v. Colvin*, 31 F. Supp. 3d 1234, 1244 (E.D. Wash. 2014) ("[T]he Commissioner 'has broad latitude in ordering a consultative examination.'") (quoting *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001)). However, in this case, the ALJ was obliged to exercise caution because "no doctor or other medical expert opined, on the basis of a full review of all relevant records," that Plaintiff could perform work during the relevant period, even with the limitations recognized by the ALJ. *See Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014) (holding that ALJ "should have exercised caution because "no doctor or other medical expert . . . opined, on the basis of a full review of all relevant records, that [Plaintiff] is capable of working or is prepared to return to work") (citing *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989)).

In fact, the only "opinions" in the record were that the evidence was insufficient to render an opinion and thus did not constitute opinion evidence at all. It is therefore not entirely clear how the ALJ translated the medical evidence into an RFC. The treatment records cited by the ALJ do not provide sufficient indications of Plaintiff's functional limitations. They establish Plaintiff was assessed with a "mood disorder," "auditory hallucinations," "forgetfulness," "adjustment disorder with "depression and anxiety," "psychosis," and "schizoaffective disorder" (*see* AR 493, 498, 505,

517, 524, 540, 616, 662), but do not indicate the functional limitations caused by such assessments.[6] *See Hurt v. Kijakazi*, No. 3:20-CV-00481-CSD, 2022 WL 444355, at *9–10 (D. Nev. Feb. 14, 2022) ("When the 'medical findings in the record merely diagnose [the] claimant's . . . impairments and do not relate those diagnoses to specific residual functional capabilities . . . [the] bare medical findings are unintelligible to a lay person in terms of residual functional capacity.'") (quoting *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 293 (1st Cir. 1986)).

The ALJ was required to obtain a medical expert opinion to allow for a proper evaluation of Plaintiff's capabilities after concluding that Plaintiff suffered from a severe impairment, but did not do so here. Thus, the record was absent any medical opinion concerning Plaintiff's functioning and the ALJ failed to develop the record. Lacking any medical opinions, the ALJ relied on their own interpretation of the medical records in formulating the RFC. In so doing, the ALJ improperly acted as their own medical expert by assigning RFC limitations without any medical opinion of Plaintiff's functioning. Accordingly, the Court is unable to conclude that the RFC was supported by substantial evidence. *See Holtan*, 2023 WL 2424648, at *3 (finding that the ALJ erred primarily by simply summarizing the medical evidence without making it clear how the ALJ then translated that evidence into an RFC, noting that it was "particularly concerning because the ALJ did not rely on any of the medical opinions, <u>finding all of the medical opinions of record unpersuasive</u>.") (emphasis in original); *see also Lorali N. T. v. Kijakazi*, Case No. 4:22-cv-00234-CWD, 2023 WL 3548221, at *10 (D. Idaho May 18, 2023) (collecting cases in the Ninth Circuit where courts routinely find error when an ALJ rejects all medical source opinions and formulates an RFC based on the ALJ's own interpretation of the medical record.).

---

[6]More problematic, it appears that the ALJ impermissibly cherry-picked notations from the record to support their conclusion that Plaintiff's mental impairment is not "work-preclusive" (AR 23). *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (an ALJ must not "cherry-pick" certain observations without considering their context); *see also Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016) (quoting *Tackett*, 180 F.3d at 1098) (the Court "cannot affirm . . . 'simply by isolating a specific quantum of supporting evidence,' but 'must consider the record as a whole, weighing both evidence that supports and evidence that detracts'). The ALJ found that treatment notes showed "normal memory, concentration, behavior, and mood, and hallucinations controlled with medication." (AR 22, 23 (citing AR 493, 497, 505, 515, 523, 540, 615, 656).) But the record—including the same treatment notes on which the ALJ relies—undermines the ALJ's finding, showing "memory issues" (AR 497); the hearing of "inaudible voices" (AR 504); a "referral for anger management treatment" (AR 508); "guarded" and "irritable" presentation (AR 514, 656); "restricted" affect, "irritable" mood, and auditory and visual hallucinations (AR 516); "hear[ing] voices" and "paranoia" (AR 522, 540, 614); "irritable" mood (AR 524); "auditory hallucinations" (AR 527); and reports that Plaintiff, despite medication, "continues to hear voices on occasion" when "stressed" (AR 538).

9

This Court finds this was harmful error necessitating remand.  *Tommasetti*, 533 F.3d at 1038 (ALJ error is harmless if it is "inconsequential to the ultimate nondisability determination.").  While the ALJ purports to have assessed limitations "to account for [Plaintiff's] mental impairments" (AR 23), the RFC is still without supporting evidence.  Had the ALJ included different limitations in the RFC based upon a proper review of the evidence and an adequate record, the ultimate disability determination may have been different.[7]  *See Clarenda A. S. v. O'Malley*, No. 1:24-CV-00127-DKG, 2024 WL 4851214, at *5 (D. Idaho Nov. 21, 2024) (finding harmful error where the ALJ relied on her own interpretation of the medical records without any medical opinion of Plaintiff's functioning in formulating the RFC).

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits.  Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled.  *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, the undersigned finds that remand for further proceedings, as requested by Plaintiff (*see* Doc. 13 at 16), is warranted.  *See Osborne v. Commissioner of Soc. Sec.*, No. 1:22-CV-01538-EPG, 2024 WL 1312202, at *5 (E.D. Cal. Mar. 27, 2024) (remanding for further proceedings where the ALJ relied on their own judgment in assessing the RFC without the support of any medical opinion evidence).  On remand, the Commissioner shall further develop the record, as outlined above, to allow for proper consideration of the medical evidence related to the period at issue.

**B.    The Court Declines to Determine Plaintiff's Remaining Assertion of Error**

As the undersigned finds that remand is appropriate for further development of the record, it does not reach Plaintiff's additional assertion of error directed to his subjective symptom complaints, which were discounted because they were inconsistent with and/or unsupported by that undeveloped record.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for

---

[7] This is not to say that the disability determination will or should be different, only that the undersigned cannot determine that the outcome would remain the same upon a correct evaluation of the record.

remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## V.      FINDINGS AND RECOMMENDATIONS

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.      Plaintiff's motion for summary judgment (Doc. 13) be GRANTED;

2.      The final decision of the Commissioner of Social Security be REVERSED;

3.      This matter be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision; and

4.      The Clerk of Court be DIRECTED to enter judgment in favor of Plaintiff Brian Adrian Millner, and against Defendant Commissioner of Social Security, and to CLOSE this action.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of these recommendations, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 27, 2026**                              /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE